**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Susan Rene Jones, | NO. C 08-03971 JW |
| Plaintiff, v. | **ORDER REMANDING CASE TO THE PLAN ADMINISTRATOR FOR LIMITED DETERMINATION** |
| Metropolitan Life Ins. Co., et al., | |
| Defendants. | |

On November 30, 2011, the Court received the Ninth Circuit's Mandate in this matter. (See Docket Item No. 193.) The Mandate was issued pursuant to the Ninth Circuit's October 28, 2011 Order,[1] in which the Ninth Circuit vacated two aspects of the Court's July 8, 2010 Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment.[2] In particular, the Ninth Circuit: (1) found that the Court had erred by "dismissing Plaintiff's claim concerning the amount of long-term disability benefits, including the question whether an offset should be applied and any other questions related to the amount of such benefits," and held that this claim should be remanded to the Plan Administrator; and (2) found that the Court

---

[1] (Memorandum, Docket Item No. 175.)

[2] (Docket Item No. 118.) Both the Court's July 8, 2010 Order and the Ninth Circuit's October 28, 2011 Order are discussed at length in an order issued by the Court on February 24, 2012. (See Order Granting in part and Denying in part Plaintiff's Motions for Attorney Fees at 2-3, 18-20, hereafter, "February 24 Order," Docket Item No. 192.)

had erred by "requiring each party to bear its own fees before the 14-day time for filing a fee motion expired," and held that Plaintiff should be permitted to file a fee motion.[3]

Accordingly, pursuant to the Ninth Circuit's mandate, the Court REMANDS the issue of Plaintiff's long-term disability benefits, including the question of whether an offset should be applied and any other questions related to the amount of such benefits, to the Plan Administrator.[4] The Plan Administrator shall make a determination on this issue within **ninety (90) days** of the issuance of this Order. See 29 C.F.R. § 2560.503-1(f).[5]

The Clerk of Court shall administratively close this case. Within ten (10) days of the Plan Administrator's determination, any party may move to have this case reopened for further proceedings.

Dated: March 20, 2012

JAMES WARE
United States District Chief Judge

---

[3] (See February 24 Order at 18 (quoting Memorandum at 2-4).) The Court has already addressed the fee motions filed by Plaintiff pursuant to the Ninth Circuit's Mandate. (See February 24 Order.)

[4] On March 12, 2012, Plaintiff filed a document styled "Request for Further Case Management Conference." (Plaintiff Jones [sic] Request for Further Case Management Conference or Alternatively for Statement on Issues by Parties Prior to Hearing to Spread Mandate [sic] and Proposed Order, hereafter, "Request," Docket Item No. 194.) In this Request, Plaintiff contends that there are "several issues important to proper disposition of [this] case" of which the Court is "unaware." (Id. at 2.) However, Plaintiff does not specify any of these "issues."
The Civil Local Rules state that "[a]ny written request to the Court for an order must be presented" to the Court by one of a specified number of means, including a "[d]uly noticed motion pursuant to Civil L.R. 7-2" and a "motion for administrative relief pursuant to Civil L.R. 7-11." Civ. L.R. 7-1(a). Upon review, the Court finds that Plaintiff's Request was not properly filed as a motion pursuant to the Civil Local Rules, and accordingly declines to address it. If Plaintiff believes that a Case Management Conference is required, she shall file a properly noticed motion pursuant to the Local Rules.
The Court observes that while it liberally construes similar submissions by *pro se* plaintiffs as motions, Plaintiff in this case is represented by experienced counsel.

[5] As the Court explained in its February 24 Order, Plaintiff submitted this issue to the Plan Administrator prior to filing her appeal with the Ninth Circuit. (See February 24 Order at 18-19.)

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Erin A. Cornell erin.cornell@sedgwicklaw.com
Rebecca A. Hull rebecca.hull@sedgwicklaw.com
Robert Burton Nichols nichols@nicholslawgroup.com

**Dated:  March 20, 2012**                                          **Richard W. Wieking, Clerk**

                                                                                    **By:      /s/ JW Chambers**
                                                                                           **Susan Imbriani**
                                                                                           **Courtroom Deputy**

**United States District Court**
For the Northern District of California