UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN RENE JONES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. C-08-03971-RMW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND**<br><br>**[Re: Docket No. 220]** |

Plaintiff Susan Rene Jones moves for leave to amend the complaint. Dkt. No. 220 ("Mot."). Defendants Metropolitan Life Insurance Company ("MetLife"), Merck Sharp & Dohme Corp. ("Merck"), and MSD Medical, Dental and Long Term Disability Plan for Nonunion Employees Defendant ("plan") filed a statement of conditional non-opposition, which opposes portions of plaintiff's motion. Dkt. No. 221 ("Opp."). Plaintiff's proposed amended complaint also names Life Insurance Company of North America ("LINA"), as well as several other entities that apparently relate to Merck or the plan. Dkt. No. 220-2, Proposed Amended Complaint ("PAC") ¶¶ 4-7. The primary issue is which entities are proper defendants to plaintiff's Employee Retirement Income Security Act ("ERISA") claims. For the reasons explained below, the court GRANTS IN PART and DENIES IN PART plaintiff's motion.

## I. BACKGROUND

This is an ERISA case in which plaintiff principally alleges that she is due more benefits than she was paid. Merck serves as the plan administrator, MetLife is a prior third party administrator (which both parties call a "claims administrator"), and LINA is the current claims administrator. During the pendency of this action, Merck was involved in a merger that has added to the current confusion in determining which entities are the proper defendants to this suit.

Plaintiff moves to file an amended complaint to narrow the issues to those that remain after multiple administrative proceedings and an appeal to the Ninth Circuit. The proposed amended complaint includes claims for additional benefits under 29 U.S.C. § 1132(a)(1)(B), a *Pannebecker* claim, and a claim for penalties due to defendants' alleged failure to provide plan documents under 29 U.S.C. § 1132(c)(1). *See* PAC.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. Pro. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court. Fed. R. Civ. Pro. 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id.* Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted). "The party opposing

leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

### A. Motion for Leave to Amend

In general, defendants do not oppose Jones' motion for leave to amend. The parties' dispute centers on which entities are the proper defendants. The proposed amended complaint names numerous entities, most of which defendants contend do not exist. Defendants represent that defendant Merck Sharp & Dohme Corp. (formerly known as Merck & Co., Inc.) is the properly-named plan administrator, and that defendant MSD Medical, Dental and Long Term Disability Plan for Nonunion Employees (formerly known as Merck & Co., Inc. Long Term Disability Plan for Nonunion Employees) is the properly-named plan. Defendants state in their conditional statement of non-opposition that MSD "now is, and at all relevant times has been, the Plan Administrator of the benefit plan from which plaintiff receives her LTD benefits." Opp. at 2. Defendants also confirm that the MSD Medical, Dental and Long Term Disability Plan for Nonunion Employees "is the same employee benefit plan that always has applied to [plaintiff], throughout her employment . . . ." *Id*. In addition, defendants repeated these statements at the hearing. The court accepts defendants' representations as true and accordingly denies leave to amend as to all other plan administrators and plans named in the proposed amended complaint because the proposed amendments are futile as to entities that do not exist. *See Foman*, 371 U.S. at 182.[1]

The remaining issue is whether MetLife is a proper party.[2] Defendants argue that the court can order no relief against MetLife, and thus leave to amend should be denied as to MetLife. The Ninth Circuit addressed the issue of which entities are proper defendants to a § 1132(a)(1)(B) claim in *Cyr v. Reliance Standard Life Insurance Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc). The *Cyr* court held that 29 U.S.C. § 1132(a)(1)(B) does not explicitly limit who may be named as defendants. *Cyr*, 642 F.3d at 1206-07. More specifically, *Cyr* found that third party administrators

---

[1] If plaintiff later learns that one of the purported defendants has some responsibilities to plaintiff, and that the presence of that party is necessary to give plaintiff full relief, leave to amend will be freely granted to add that party.

[2] Besides those parties already mentioned, LINA is also named in the proposed amended complaint. According to the proposed amended complaint, LINA replaced MetLife as the claims administrator on January 1, 2011. PAC, ¶ 6B. LINA did not file a brief or appear at the hearing on the instant motion. For that reason, the court defers any potential discussion about the propriety of LINA as a party to this suit for a later date.

ORDER
Case No. C-08-03971-RMW
RDS
- 3 -

like MetLife are often proper parties because "the plan administrator can be an entity that has no authority to resolve benefit claims or any responsibility to pay them." *Id.* at 1207. After *Cyr*, any entity that has authority to resolve benefit claims or pay benefit claims is a proper party. *Id.*

Here, however, MetLife no longer has authority to resolve benefit claims or pay benefit claims because MetLife has been replaced by LINA as the claims administrator. If a judgment including liability under § 1132(a)(1)(B) was entered against MetLife in this case, MetLife would have no ability to cause plaintiff to receive her due benefits, even though MetLife was the claims administrator for at least part of the period in question, because MetLife does not currently have any relationship to plaintiff's plan. Therefore, the court finds that MetLife is not a proper defendant to plaintiff's § 1132(a)(1)(B) claims.[3]

Plaintiff also alleges a claim for failure to provide plan documents under § 1132(c)(1). PAC ¶¶ 67-98. Plaintiff names MetLife as a defendant to this claim. Defendants argue that MetLife is not a proper defendant to plaintiff's § 1132(c)(1) claim because, according to defendants, "only a Plan Administrator can be subject to such a claim, and it is undisputed that MetLife is not and never was the Plan Administrator." Opp. at 5. Defendants cite three cases for the proposition that only a plan administrator can be held liable for a violation of § 1132(c)(1). *See Brown v. Am. Life Holdings, Inc.*, 190 F.3d 856, 860-62 (8th Cir. 1999); *Smith v. Earhart*, No. 07-cv-00143 RFC, 2009 WL 62874, at *15-16 (D. Mont. Jan. 9, 2009); *Ferree v. Life Ins. Co. of N. Am.*, No. 05-cv-02266 WSD, 2006 WL 2025012, at *3-6 (N.D. Ga. July 17, 2006). Unfortunately, none of these cases are binding on this court, nor do they directly address which entities may be held liable for a violation of § 1132(c)(1). However, the Ninth Circuit has considered whether a third party administrator may be held liable under § 1132(c)(1), holding that § 1132(c)(1) "only gives [plaintiff] a remedy against the plan 'administrator,' and MetLife isn't the plan administrator . . . ." *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008) (citing *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299-300 (9th Cir. 1989)). Moreover, at least one case in this District has applied *Sgro* to dismiss a § 1132(c)(1) claim against a third party claims administrator. *See McCollum v. Blue Shield of Cal.*

---

[3] Note that the Ninth Circuit decided *Pannebecker v. Liberty Life Assur. Co. of Boston*, 542 F.3d 1213, (9th Cir. 2008), under Pannebecker's claims pursuant to § 1132(a)(1). *Pannebecker*, 542 F.3d at 1221-22. Thus, the court's analysis here also applies to plaintiff's *Pannebecker* claim.

*Life & Health Ins. Co.*, No. 12-cv-01650 PSG, 2012 WL 5389711, at *3-4 (N.D. Cal. Nov. 2, 2012). Therefore, Ninth Circuit law precludes § 1132(c)(1) claims against third party administrators like MetLife. The court thus denies plaintiff leave to amend to allege any of its proposed claims against MetLife.

### III.  ORDER

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART plaintiff's motion for leave to amend. Plaintiff's motion is granted, except as to all proposed defendants besides Merck Sharp & Dohme Corp., MSD Medical, Dental and Long Term Disability Plan for Nonunion Employees, Life Insurance Company of North America. Plaintiff must file an amended complaint that conforms with this order no later than 5 pm on Friday, October 24, 2014.

Dated: October 3, 2014

RONALD M. WHYTE
United States District Judge