UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN RENE JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, et al.,<br><br>    Defendants. | Case No. 08-cv-03971-RMW<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 250 |

On October 3, 2014 this Court issued an order granting in part and denying in part plaintiff Susan Jones' motion for leave to amend her complaint. Dkt. No. 237. Jones now moves for leave to file a motion for reconsideration of that order. Dkt. No. 250. For the reasons discussed below, Jones' motion is DENIED.

The primary issue raised on plaintiff's motion for leave to amend her complaint was which entities were proper defendants to plaintiff's Employee Retirement Income Security Act ("ERISA") claims. Dkt. No. 237, at 1. Plaintiff sought to amend her complaint to include claims for additional benefits under 29 U.S.C. § 1132(a)(1)(B), a *Pannebecker* claim, and a claim for penalties due to defendants' alleged failure to provide plan documents under 29 U.S.C. § 1132(c)(1). Dkt. No. 237, at 2. Defendants did not oppose plaintiff's motion to amend except as to the question of which entities were the proper defendants. *Id*. Plaintiff sought to name many entities, some of which defendants contended do not exist. *Id*. Defendants represented to the court

ORDER DENYING MOTION FOR RECONSIDERATION
08-cv-03971-RMW           1

that Merck Sharp & Dohme Corp. ("MSD Corp.") is the properly-named Plan Administrator, and that defendant MSD Medical, Dental and Long Term Disability Plan for Nonunion Employees is the properly-named plan (the "Plan"). *Id*. The court credited defendants' representations and denied plaintiff leave to amend as to all other proposed plan administrators and plans, but assured plaintiff that should she later learn that one of the proposed defendants has some responsibilities to plaintiff, and the presence of that party is necessary to give plaintiff full relief, she would be permitted to add that party. *Id*. Lastly, the court found that because MetLife, already a defendant in the case, had no authority to resolve benefit claims or pay benefit claims, MetLife was not a proper defendant to plaintiff's § 1132(a)(1)(B), § 1132(c)(1), and *Pannebecker* claims. *Id*. at 4. And because MetLife was not and never had been the plan administrator, under *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008), it was not a proper defendant to plaintiff's § 1132(c)(1) claim. Dkt. No. 237, at 4. Accordingly, the court granted plaintiff's motion for leave to amend as to Merck Sharp & Dohme Corp., MSD Medical, Dental and Long Term Disability Plan for Nonunion Employees, and Life Insurance Company of North America ("LINA").[1] *Id*. at 5.

Plaintiff now asks the court to reconsider its prior order. Dkt. No. 250. Under Civil Local Rule 7-9(a), "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence

---

[1] According to plaintiff's proposed amended complaint, LINA replaced Metlife as the claims administrator in 2011, but because LINA apparently has not been served, the court deferred discussion about the propriety of LINA as a party to the suit. *See* Dkt. No. 237, at 3 fn.2.

ORDER DENYING MOTION FOR RECONSIDERATION
08-cv-03971-RMW                 2

>> the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Rule 7-9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.–USA*, 570 Fed. Appx. 675, 676 (9th Cir. 2014).

Jones has not established grounds for reconsideration of the court's prior order. As an initial matter, the court notes that most of plaintiff's arguments in the instant motion were previously raised in support of plaintiff's motion for leave to amend her complaint, and were previously rejected by the court. Such re-arguing of previously rejected arguments is expressly prohibited by Rule 7-9(c). Accordingly, the court will not consider factual and legal arguments previously raised and rejected. Plaintiff's remaining arguments fall into two categories.

Plaintiff first contends that under Rule 7-9(b)(1), material differences in fact or law exist from those which were presented to the court before entry of the court's order on plaintiff's motion for leave to amend. Plaintiff's argument is that several of the entities that defendants previously contended did not exist, in fact, do. Dkt. No. 250, at 3–5. This argument fails because regardless of whether these entities exist, the ultimate question is which purported defendants have responsibilities to the plaintiff. Dkt. No. 237, at 3 fn.1. The court did not deny plaintiff's motion for leave to amend to add these defendants simply because of the questions regarding whether they were in fact actual entities. *See id*. (noting that plaintiff would be free to seek to amend her complaint to add additional defendants if it turned out that one of these purported defendants has some responsibilities to plaintiff). While it may be true that, for example, Merck & Co., Inc.—which plaintiff refers to as "Merck II" because an entity with the same name existed prior to its

ORDER DENYING MOTION FOR RECONSIDERATION
08-cv-03971-RMW                    3

merger with a subsidiary of Schering Plough Corporation—is the parent of MSD Corp., plaintiff failed to show on her motion for leave to amend that "Merck II" has any responsibilities to plaintiff. Nor does plaintiff make any showing on her motion for reconsideration that the parent entity of MSD Corp., the plan administrator, is a proper defendant.

Plaintiff's other argument is that the court failed to consider material facts and dispositive legal arguments she presented to the court on her motion for leave to amend the complaint, which would entitle her to reconsideration under Rule 7-9(b)(3). Dkt. No. 250, at 2. However, the arguments plaintiff contends the court failed to consider the court did consider, and rejected. For example, plaintiff sought leave to assert § 1132(a)(1)(B), § 1132(c)(1), and *Pannebecker* claims against Metlife, who was a former claims administrator for the Plan. Dkt No. 220, at 9–10. The court concluded that Metlife was not a proper defendant under *Cyr v. Reliance Standard Life Insurance co.*, 642 F.3d 1202 (9th Cir. 2011) and *Sgro*, and denied plaintiff's motion for leave to amend to assert the proposed additional claims against Metlife. Plaintiff again argues she should be permitted to assert § 1132(a)(1)(B), § 1132(c)(1), and *Pannebecker* claims against Metlife, and filed a notice of recent decision in support of her argument. Dkt. No. 250, at 12; *see also* Dkt. No. 257.[2]

The case Plaintiff cites, *Spinedex Physical Therapy USA, Inc. v. United Healthcare of Arizona*, 770 F.3d 1282 (9th Cir. 2014), does not support her argument, and does not provide reason for the court to reconsider its previous order. Plaintiff cites *Spinedex* for the proposition that "claims administrators are proper defendants." Dkt. No. 257, at 1. The court's prior order is consistent with this holding, however, as it recognized that third party claims administrators are often proper parties. Dkt. No. 237, at 3–4. The court found that Metlife was not a proper defendant because while it was formerly a claims administrator, it no longer had any relationship to plaintiff's plan. *Id*. *Spinedex* does not disturb this result. *Spinedex* clarifies that after *Cyr*, proper

---

[2] The court does not understand, as a practical matter, why plaintiff is concerned with stating a claim against Metlife or the other purported entities that she seeks to add.  The current defendants have represented that they will pay any benefits award to which the court finds that plaintiff is entitled under 29 U.S.C. § 1132(a)(1)(B), *Pannebecker* or 29 U.S.C. 1132(c)(1).

ORDER DENYING MOTION FOR RECONSIDERATION
08-cv-03971-RMW                                  4

defendants under § 1132(a)(1)(B) at least include "ERISA plans, formally designated plans administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators." *Spinedex*, 770 F.3d at 1297. Metlife, as a former third-party claims administrator, falls into none of these categories. Plaintiff's additional arguments regarding Metlife—that Metlife is a proper defendant despite no longer having the capacity to cause benefits to be paid, and that it might have documents that plaintiff might want—fail as they are completely unsupported by citation to any authority and were previously raised and rejected by the court. Furthermore, plaintiff's argument that Metlife's dismissal was a violation of her due process rights is unavailing because Metlife was not dismissed: the court merely denied plaintiff leave to amend her complaint to assert a § 1132(a)(1)(B) claim against Metlife.

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: March 30, 2015

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION
08-cv-03971-RMW                 5