UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN RENE JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 08-cv-03971-RMW<br><br>**ORDER GRANTING-IN-PART MOTION TO COMPEL**<br><br>Re: Dkt. No. 293 |

On August 21, 2015, Plaintiff Susan Rene Jones moved to compel the production of several categories of documents from defendants which defendants have asserted are protected attorney-client communications and attorney work product. Dkt. No. 293. Defendants filed an opposition on September 4, 2015, Dkt. No. 297,[1] and plaintiff filed a reply on September 11, 2015, Dkt. No. 303.[2] The court held a hearing on this motion on October 2, 2015. For the reasons explained below, the court GRANTS-IN-PART plaintiff's motion to compel.

---

[1] Defendants also filed an administrative motion to vacate plaintiff's motion to compel on the basis that it does not comply with Civil Local Rule 37-1(a), which requires parties' meet and confer in an attempt to resolve a discovery dispute before the court will entertain a motion to compel. However, the way in which the court explained that it would entertain the instant motion to compel if plaintiff elected to file it could reasonably have been interpreted as waiving the local rules' meet and confer requirement. Defendants' motion is therefore DENIED.

[2] Shortly before the hearing on this motion, plaintiff filed an administrative motion to supply additional authorities. Dkt. No. 305. As discussed below, the court grants-in-part plaintiff's motion compel, and therefore DENIES AS MOOT plaintiff's administrative motion to supply additional authorities.

08-cv-03971-RMW
ORDER GRANTING-IN-PART MOTION TO COMPEL

1

This is an ERISA case in which plaintiff alleges that she is due more benefits than she was paid. Merck serves as the plan administrator, MetLife is a prior third party administrator (which both parties call a "claims administrator"), and LINA is the current claims administrator. The principal issue is whether the dependents' social security disability (DSSDI) benefits due to Ms. Jones's children because of her disability may be offset against her long term disability (LTD) benefits.

Over the course of this litigation, the parties have encountered frequent discovery disputes, generally involving the production of the administrative record. At this point, the sole remaining dispute is over the production of certain attorney communications and documents which plaintiff insists are relevant to her claim on the theory that defendants' attorneys (in-house or litigation counsel) either made the underlying substantive decision to reject plaintiff's appeal regarding the computation of her benefits, or provided advice regarding that decision. Dkt. No. 293, at 3–4.

Because the parties agree that the relevant plan granted discretionary authority to the claims administrator to determine eligibility for benefits and to construe the terms of the plan, the court reviews the administrator's determination for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009). Under this deferential standard, a plan administrator's decision "will not be disturbed if reasonable." *Conkright v. Frommert*, 559 U.S. 506, 521 (2010). This reasonableness standard requires deference to the administrator's benefits decision unless it is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929 (9th Cir. 2012) (internal quotation marks and citation omitted). "[T]he degree of skepticism with which [a court should] regard a plan administrator's decision when determining whether the administrator abused its discretion varies based upon the extent to which the decision appears to have been affected by a conflict of interest." *Id*. A conflict of interest arises when a plan administrator both determines an employee's eligibility for benefits and pays those benefits out of its own funds—"so by denying benefits, the administrator retains money for itself." *Montour*, 588 F.3d at 630.

"Although, for the most part, judicial review of benefits determinations is limited to the

08-cv-03971-RMW
ORDER GRANTING-IN-PART MOTION TO COMPEL

2

administrative record—that is, the record upon which the plan administrator relied in making its benefits decision—the evaluation of a conflict of interest is not so limited." *Stephan*, 697 F.3d at 930 (internal quotation marks and citation omitted). "Evidence outside the administrative record is properly considered in determining the extent to which a conflict of interest affected an administrator's decision." *Id*. (internal quotation marks and citation omitted).

Plaintiff asserts that documents containing attorney-client communications relating to LINA's offset determination are part of the administrative record, and must be produced. Plaintiff alternatively argues that such communications must be discoverable if plaintiff is to demonstrate that LINA was operating under a conflict of interest, which would accordingly affect the court's review of LINA's determination for an abuse of discretion. Defendants disagree, and argue that the privileged documents that have not been produced—to the extent they exist—are litigation documents that relate to this litigation, and not plaintiff's SSDI benefits determination. Defendants assert that such documents are privileged and not subject to discovery in an ERISA case. Dkt. No. 297, at 4–6. Finally, defendants contend that plaintiff's allegations regarding a conflict of interest are false.

There is no doubt that plaintiff is entitled to discovery of documents that relate to matters of plan administration, regardless of whether the documents may otherwise be protected by the attorney-client privilege. *Stephan v. Unum Life Ins. Co. of America* made clear that "[a]s applied in the ERISA context, the fiduciary exception [to the attorney-client privilege] provides that an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." 697 F.3d at 931 (citing *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999)). "[W]here an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries." *Id*. at 932.

Here, this means memoranda, communications with, and advice from attorneys to LINA that relate to plan interpretation and the computation of plaintiff's benefits. This does not include documents which do "not render[] advice on a matter of plan administration, but [are] plainly

08-cv-03971-RMW
ORDER GRANTING-IN-PART MOTION TO COMPEL
3

defensive . . . and aimed at advising the trustees [regarding their liability in this case]." *Id.* The scope of the documents defendants must produce to plaintiff as part of the administrative record is limited to documents that relate to LINA's remand determination and which were created prior to the date of the final determination on plaintiff's ERISA claim, June 20, 2012. *See Klein v. Nw. Mut. Life Ins. Co.*, 806 F. Supp. 2d 1120, 1132 (S.D. Cal. 2011) (holding that after the final determination, the interests of the Plan fiduciary and the beneficiary diverge for purposes of application of the fiduciary exception); *see also Stephan*, 697 F.3d at 933 (discussing Klein and holding the same).

Plaintiff's requests also seek documents beyond those strictly related to plan interpretation on the basis that LINA was operating under a conflict of interest when it rendered its offset determination. As discussed above, in reviewing an administrator's determination a court may look beyond the administrative record for evidence of a conflict of interest. The typical conflict of interest in ERISA cases occurs where the party or entity making the determination regarding a beneficiary's entitlement to benefits is the same party or entity that pays such benefits. *See Stephan*, 697 F.3d at 929. Here, plaintiff concedes that there is no such "structural" conflict of interest, because LINA, the claims administrator, is not responsible for paying benefits. *See* Dkt. No. 293, at 10–11. Plaintiff nevertheless argues that "litigation [counsel] for structurally conflicted plan administrators . . . Merck I and MSD Corp, came up with and asserted the offset." *Id*. at 10. Plaintiff also construes defendants' discovery responses to suggest that that defendants' litigation counsel ran the administrative process of computing her benefits. *Id*. Moreover, plaintiff contends that LINA's contract with Merck, MSD Corp., etc. provides LINA with a financial interest in suppressing the benefits paid out to beneficiaries. However, plaintiff's evidence in support of these positions is slim, and amounts primarily to plaintiff's counsel's assertion that he was told that litigation counsel were making the determination on remand in 2012, an assertion that is flatly contradicted by the sworn declaration of LINA appeal specialist Melissa Graham. *See* Dkt. No. 297-1. Defendants deny that litigation counsel made the determination to assert an offset, and also deny that they were responsible for rendering the ultimate determination on remand. Additionally, defendants contend that plaintiff is mistaking the messenger for the message, in that litigation

08-cv-03971-RMW
ORDER GRANTING-IN-PART MOTION TO COMPEL
4

counsel merely communicated to plaintiff that LINA was asserting an offset, but did not make that determination in the first instance.

Nevertheless, the court will conduct an *in camera* review of all communications and documents that relate to the assertion of the offset to evaluate whether they must be produced. Accordingly, the court orders defendants to file under seal without providing copies to the plaintiff such documents set forth below. The court will review any documents that are filed with the court and issue an order regarding which, if any, shall be produced to plaintiff.

Lastly, plaintiff demands that defendants produce privilege logs for those of plaintiff's requests for production to which defendants have objected on the basis of attorney-client privilege. In their opposition, defendants argue that they need not do so because plaintiff "provides no authority that ERISA claim adjudication principles include [the requirement that a privilege log need be produced], for the simple reason that there is no such authority." Dkt. No. 297, at 5 n.5. While this may be true of the ERISA administrative process, defendant has objected to plaintiff's discovery requests in this lawsuit. In federal court, Federal Rule of Civil Procedure clearly requires a party that "withholds information . . . by claiming that the information is privileged . . . must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). At the hearing on this motion, defendants provided no reason to find that Rule 26 does not apply to discovery in a federal case that is based on an alleged ERISA violation, and the court cannot imagine one. Accordingly, the court finds that defendants are required under the Federal Rules of Civil Procedure to produce privilege logs when they withhold information on the basis of privilege that is sought by plaintiff through discovery.

In sum, plaintiff's motion to compel is GRANTED-IN-PART. The court ORDERS as follows:

- Defendants shall produce for *in camera* review all documents and communications between LINA or its predecessors and in-house counsel, staff counsel or litigation counsel that relate in any way to the offset, the offset determination, the remand determination, the computation of plaintiff's benefits, or the interpretation of any of the plans that plaintiff has alleged apply to her. Only documents that date from between the

08-cv-03971-RMW
ORDER GRANTING-IN-PART MOTION TO COMPEL
5

inception of this lawsuit and the June 20, 2012 LINA determination must be produced for review. Defendants response shall be verified by the official or officials that have first-hand knowledge of the materials required by this order.

- Defendants shall produce a privilege log in response to plaintiff's document requests in this lawsuit to which defendants have asserted privilege as the basis for their objection and non-production. The privilege log need only encompass plaintiff's requests for production in this lawsuit in federal court, and not requests made as part of the administrative process or to LINA directly.

**IT IS SO ORDERED.**

Dated: October 2, 2015



_____
Ronald M. Whyte
United States District Judge

08-cv-03971-RMW
ORDER GRANTING-IN-PART MOTION TO COMPEL

6