UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN RENE JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, et al.,<br><br>    Defendants. | Case No. 08-cv-03971-RMW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ADR CONFIDENTIALITY**<br><br>Re: Dkt. Nos. 316, 322 |

This is an ERISA case in which the principal remaining issue is whether the dependents' social security disability benefits due to plaintiff's children because of her disability may be offset against her long term disability benefits. The parties have agreed that the case will be resolved by cross-motions for summary judgment. Dkt. No. 292. Plaintiff now seeks permission to disclose to the court "for evidentiary purposes things that happened and things that were said in District Court and Ninth Circuit mediation, as well as defendants' mediation brief."[1] Dkt. No. 316 at 11.

---

[1] Plaintiff also moves for permission to supplement her reply pursuant to Civil Local Rule 7-3(d)(2). Dkt. No. 322. However, the rule cited by plaintiff only permits counsel to "bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument." Civil L.R. 7-3(d)(2). It does not permit supplemental briefing. Plaintiff has already had the opportunity to present arguments and cite to case law in its motion and in its reply. The court finds no basis for permitting additional briefing and denies plaintiff's motion.

1

Defendants Merck Sharp & Dohme Corp., f/k/a Merck & Co., Inc., MSD Medical, Dental and Long Term Disability Plan for Non-Union Employees, f/k/a Merck & Co., Inc. Long Term Disability Plan for Non-Union Employees and Life Insurance Company of North America oppose this motion. Dkt. No. 319. The court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Plaintiff's motion for relief from ADR confidentiality is denied.

## I.     BACKGROUND

Plaintiff first filed this suit against Metropolitan Life Insurance Company and Merck & Co., Inc. on August 30, 2008, seeking reinstatement of long-term disability benefits. Dkt. No. 1. Pursuant to the Alternative Dispute Resolution Local Rules, the parties held a mediation session on July 30, 2009. Dkt. No. 31. Counsel signed a confidentiality agreement governing the mediation providing that "anything that happened or was said in connection with the ADR session" would be treated as "confidential information" that would not be disclosed to the assigned judge or "used for any purpose, including impeachment, in any pending or future proceedings unless all parties and the neutral so agree." Dkt. No. 42 at 5-6. The case did not settle. Dkt. No. 31.

In 2010, plaintiff cited communications that occurred as part of the 2009 mediation in support of a motion for summary judgment and other related briefing. Dkt. 118 at 4 n.4. Defendants Metropolitan Life Insurance Company and Merck & Co., Inc. moved to strike those references, and this court found that the ADR Local Rules prohibited the disclosure of the mediation communications. Dkt. 154 at 7. At that time, the court stressed that plaintiff's counsel "*could have* and *should have* sought prior Court approval if he believed disclosure was necessary." *Id.* at 18-20.

Plaintiff now seeks court approval to disclose to the court "things that happened and were said in District Court and Ninth Circuit mediation, as well as defendants' mediation brief."[2] Dkt.

---

[2] Based on plaintiff's request, it appears that there were two separate mediation proceedings, one in District Court and one in the Ninth Circuit proceedings. However, plaintiff seeks permission to disclose the contents of only one mediation brief. Plaintiff does not provide any details as to

2
08-cv-03971-RMW
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ADR CONFIDENTIALITY

No. 316 at 11.

## II. ANALYSIS

Plaintiff argues that disclosure should be permitted because: 1) ERISA requires disclosure of matters surrounding the assertion and implementation of benefit modifications, 2) disclosure "should be allowed under the manifest injustice and implied waiver doctrines," 3) no federal mediation privilege exists between the parties, and 4) Federal Rule of Evidence 408 permits disclosure of the "mediation matters" that plaintiff seeks to disclose. Dkt. 316. Defendants oppose plaintiff's motion, arguing 1) that the issue has already been decided by the court in its October 2010 orders and 2) that disclosure is prohibited by Alternative Dispute Resolution Local Rule 6-12 and Federal Rule of Evidence 408, as well as the confidentiality agreement between the parties. Dkt. No. 319. The court finds no basis for allowing disclosure under the ADR Local Rules or the Federal Rules of Evidence. Therefore, the court does not reach consideration of the parties' confidentiality agreement.

### A. Prior Order of the Court

Defendants argue that these issues "already were fully briefed and resolved against [plaintiff] in prior motions, more than five years ago." Dkt. 319 at 1. The court notes that many of plaintiff's arguments in the instant motion were previously raised in opposition to defendants' motion to strike and were rejected by the court. Such re-arguing of previously rejected arguments is expressly prohibited by Rule 7-9(c). Accordingly, the court will not consider factual and legal arguments previously raised and rejected.

However, when plaintiff previously cited the confidential mediation materials, they were cited in support of plaintiff's motion for summary judgment and other briefing on plaintiff's original claim—a claim for reinstatement of her LTD benefits. Dkt. 319 at 3. The parties agree that the primary issue in this case currently concerns whether the dependents' social security disability benefits due to plaintiff's children because of plaintiff's disability may be offset against

---

circumstances surrounding the "Ninth Circuit mediation" or otherwise distinguish between mediations in her briefing.

1  plaintiff's long term disability benefits. *See* Dkt. No. 319 at 1 ("sole issue remaining to be

2  decided" is whether offset is applicable); Dkt. No. 316 at 9 ("validity of Ms. Jones's disability

3  status is no longer at issue"). Plaintiff added a claim seeking declaratory judgment that her

4  disability benefits are not subject to an offset for social security benefits due to her children in her

5  First Supplemental Amended Complaint, which she filed on October 28, 2014. Dkt. No. 244 ¶¶

6  52-55. Therefore, the October 15, 2010 order addressed the disclosure of mediation evidence for a

7  different purpose.[3]

8      Plaintiff correctly notes that the October 15, 2010 order did not prohibit plaintiff from

9  filing a subsequent motion with respect to matters not previously before the court. *See* Dkt. No.

10  321 at 4. The court will consider plaintiff's motion to the extent it presents issues not previously

11  resolved.

12      **B.  ADR Local Rule 6-12 Prohibits Disclosure**

13      As this court has previously noted, "it is beyond doubt that maintaining the confidentiality

14  of mediation communications is a *sine qua non* for preserving the integrity of court-sponsored

15  mediation sessions." Dkt. No 154 at 15. ADR Local Rule 6-12 sets forth a general prohibition on

16  disclosure of information from the court-sponsored mediation, subject to narrow exceptions.

17  Plaintiff makes several arguments for why an exception should apply in this case.

18      **C.  ERISA Disclosure Requirement**

19      Plaintiff first argues that ERISA requires disclosure of the mediation communications. The

20  regulations cited by plaintiff require that ERISA plans must provide participants with plan

21  documents and records—the administrative record. *See* Dkt. 316 at 4. However, plaintiff is already

22  in possession of the mediation evidence she seeks to disclose. Plaintiff is not moving for

23  disclosure of evidence from defendants; she moves for permission to disclose evidence to the

24  court. The court finds that the ERISA disclosure requirement has no application here.

25      Plaintiff argues that the mediation exchanges it seeks to disclose are ***part of the***

---

[3] The prior order also did not address disclosure of evidence from the "Ninth Circuit mediation" (Dkt. No. 316 at 11), but plaintiff does not distinguish the Ninth Circuit mediation evidence from the district court mediation evidence in briefing.

4

08-cv-03971-RMW
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ADR CONFIDENTIALITY

*administrative record*, and therefore not subject to the confidentiality requirements of the mediation process. Dkt. 316 at 3-5 (citing *Yates v. Delano Retail Partners, LLC*, No. C 10-3073 CW, 2012 WL 2563850, at \*3 (N.D. Cal. June 28, 2012) ("that this fact was first disclosed at a mediation session, instead of in the form that it should have been disclosed, does not create an absolute bar to Plaintiff referring to it")). The court is not convinced, however, that the mediation proceedings became part of the administrative record simply because the parties may have discussed administrative proceedings at mediation.

"[T]he success of mediation depends largely on the willingness of the parties to freely disclose their intentions, desires, and the strengths and weaknesses of their case." *In re County of Los Angeles*, 223 F.3d 990, 993 (9th Cir.2000) (quoting *Poly Software Int'l, Inc. v. Su*, 880 F.Supp. 1487, 1494 (D.Utah 1995)). Therefore, the parties must be able to discuss claims and the related administrative processes without fear that their statements will be revealed to the court. It is possible, and even likely, that the basis for an administrative decision was discussed at the mediation, but the court is not persuaded that the administrative determination itself was based on mediation events or that the mediation constitutes a part of the administrative record.

Plaintiff seeks disclosure of mediation evidence in support of her claim that benefits should be reinstated if she "would have continued receiving benefits absent the administrator's arbitrary and capricious conduct." Dkt. 316 at 2 n.2 (citing *Pannebecker v. Liberty Life Assur. Co.*, 542 F.3d 1213, 1221 (9th Cir. 2008)). Plaintiff's arguement that "if there was no proper administrative process considering the offset prior to its assertion and imposition, it was procedurally invalid and an abuse of discretion." Dkt. 316 at 2. Defendants have filed and served what they allege constitutes the complete administrative record. *See* Dkt. No. 278. Either the record provided by defendants will show proper administrative process, or it will not. The court finds it unnecessary to consider any statements made by litigation counsel at the mediation in determining whether the plan administrators acted in an arbitrary or capricious manner.

### D.  Manifest Injustice and Implied Waiver

Plaintiff next argues that disclosure should be permitted under the ADR Local Rules to

5
08-cv-03971-RMW
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ADR CONFIDENTIALITY

prevent manifest injustice. The commentary to ADR Local Rule 6-12 states that "[o]rdinarily, anything that was said in connection with a mediation is confidential," but goes on to note that the "law may provide some limited circumstances in which the need for disclosure outweighs the importance of protecting the confidentiality of a mediation," including "the need to prevent manifest injustice." Plaintiff predicts that defendants will argue there was no procedural irregularity, and identifies the manifest injustice that would result from denial of this motion as "[a]llowing defendants' argument to prevail." Dkt. 316 at 5-6; see also Dkt. No. 4 ¶ F. This is not sufficiently manifest injustice to preclude application of the ADR Local Rule. Plaintiff will have the opportunity to present argument and other evidence in response to any arguments that defendants make.

Plaintiff also relies on *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 963 F. Supp. 2d 950 (N.D. Cal. 2013) in support of its position. The *Barnes* court addressed consideration of an early neutral evaluation statement "for purposes of a collateral issue" only— specifically "notice as it affected attorney's fees." 963 F. Supp. 2d at 975. In this case, the issue of procedural irregularity is not "collateral" to the plaintiff's *Pannebecker* claim. Plaintiff is seeking to disclose representations made by litigation counsel as to defendants' positions, not evidence that defendants were on notice of any particular facts. ADR Local Rule 6-12 explicitly applies to "the contents of the written Mediation Statements, anything that was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation."

Plaintiff also makes an analogy to privilege law, arguing that "[r]aising an affirmative defense is an implied waiver of the privilege on matters related to it." Dkt. 316 at 6. However, plaintiff argues that the mediation evidence is relevant to its own *Pannebecker* claim; defendants' are not relying on mediation events in support of any affirmative defense. The court finds no basis for implying waiver of mediation confidentiality.

### E. Federal Mediation Privilege

Plaintiff also argues that no federal mediation privilege exists because "confidential" does not mean "privileged," and cites cases applying Federal Rule of Evidence 408. Plaintiff appears to

be rehashing a prior argument that the ADR Local Rules are invalid as a matter of law because they are somehow inconsistent with federal statutes or rules and therefore should not apply. *See* Dkt. 316 at 7. Defendants do not rely on a federal mediation privilege, and this court has already rejected the argument that the ADR Local Rules are invalid. See Dkt. 154 at 20-21.

### F.  Federal Rule of Evidence 408

Plaintiff next argues that the mediation evidence is disclosable applying the standard of Federal Rule of Evidence 408 because it is offered for a purpose other than to prove "liability for, invalidity of, or amount of a claim that was disputed." Dkt. 316 at 8 (citing Fed. R. Evid. 408(a)). Plaintiff is correct that the 2009 mediation "was set over whether MetLife abused its discretion in termination Ms. Jones's disability status," a claim which is "no longer at issue." Dkt. 316 at 9.

However, the rule prohibits disclosure of "conduct or a statement made during compromise negotiations" for use "either to prove or disprove the validity or amount of a disputed claim ***or to impeach by a prior inconsistent statement or a contradiction***." Fed. R. Evid. 408(a) (emphasis added). Even if the "disputed claim" is now different, plaintiff proposes to use the evidence for impeachment purposes, arguing that without the evidence of the statements at mediation, "it may be impossible to prove that defendants' contention is contrary to facts." Dkt. No. 316 at 1. To permit disclosure for impeachment purposes would undermine the policy goal of Federal Rule of Evidence 408—encouraging settlement. *See E.E.O.C. v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1545 (10th Cir. 1991) (excluding impeachment evidence under Rule 408); s*ee also Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2014 WL 794328, at *9 (N.D. Cal. Feb. 25, 2014) (noting policy goal of encouraging settlement and quoting *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates,* 800 F.2d 339, 344 (3d Cir. 1986) ("We acknowledge the strong public interest in encouraging settlement of private litigation. Settlements save the parties the substantial cost of litigation and conserve the limited resources of the judiciary.") and *Reichenbach v. Smith,* 528 F.2d 1072, 1074 (5th Cir. 1976) ("A primary reason for excluding evidence of a compromise is to encourage non-litigious solutions to disputes. Admission of evidence of the settlement could work to discourage plaintiffs and defendants from settling ....").

Plaintiff also cites several cases from other circuits arguing that "Rule 408 does not shield wrongful acts because they are made in settlement negotiations," and argues that plaintiff should be allowed to introduce the evidence in support of an entirely independent claim for wrongful conduct that occurred at the mediation. Dkt. No. 316 at 8-11. But plaintiff has not asserted such an independent cause of action. The operative complaint was filed after the mediation took place, and it does not include any allegations regarding wrongful conduct that took place at the mediation. *See* Dkt. No. 244. As this court has already noted, evidence regarding claims not asserted in the complaint is not relevant under Federal Rule of Evidence 401. Dkt. No. 154 at 22.

### III. CONCLUSION

For these reasons, the court denies plaintiff's motion for relief from ADR confidentiality. Plaintiff's motion to supplement its reply is also denied.

**IT IS SO ORDERED.**

Dated: December 15, 2015

_____
Ronald M. Whyte
United States District Judge